```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

MCDANIEL RESERVE HOLDINGS, LLC,

        Plaintiff,

vs.                                Case No.  2:06-cv-490-FtM-29SPC

MCDANIEL RANCH PARTNERSHIP; J.W.
MCDANIEL, SR., INC.; ROBERT E.
MCDANIEL; ANTOINETTE MARIE MCDANIEL;
JOHN L. MCDANIEL; KAREN L. MCDANIEL;
ROBERT E. MCDANIEL; MARY MCDANIEL,

        Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Motion for Dismissal Grounded Upon Notice of Lack of Federal Jurisdiction (Doc. #62), filed on December 12, 2006.  Defendant filed a Response (Doc. #69) on December 14, 2006.  Also before the Court is plaintiff's Motion for Leave to File Reply (Doc. #70).

    The original Complaint (Doc. #1) was filed on September 13, 2006, alleging diversity jurisdiction.  On October 13, 2006, defendants McDaniel Ranch Partnership, J.W. McDaniel, Sr. Inc., Mary McDaniel, Robert E. McDaniel, Jr., and John L. McDaniel, as Trustees of the Robert E. McDaniel, Sr. Residuary Marital Trust responded by filing a Combined Motion to Dismiss (Doc. #14) alleging a lack of jurisdiction.  On October 17, 2006, the Magistrate Judge granted limited jurisdictional discovery through November 17, 2006.  (Doc. #21.)  On November 17, 2006, plaintiff

filed a Motion for Leave to File First Amended Complaint (Doc. #42) stating that the jurisdictional issues raised would not be mooted and that a Response would subsequently be filed. A Response (Doc. #44) in opposition was in fact filed on November 21, 2006. Leave to amend the Complaint was granted and defendants' motions to dismiss were denied as moot.

Plaintiff now seeks to voluntarily dismiss the case for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3), having realized that diversity jurisdiction was and is not in fact present. Defendants do not object to the dismissal, but argue that plaintiff's "wantonly vexatious and bad-faith federal litigation" justifies the imposition of fees and costs under Fed. R. Civ. P. 41(a)(2) and under 28 U.S.C. § 1927 as a sanction. (Doc. #69, pp. 2, 7.)

As a preliminary matter, Rule 41(a)(2) allows for the Court to impose certain conditions as deemed proper, but is not a basis for sanctions. Federal Rule of Civil Procedure 41(b), however, provides the Court "discretion to impose sanctions on a party who fails to adhere to court rules . . . Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006).

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the

court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Eleventh Circuit Court of Appeals "have consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" <u>Amlong & Amlong, P.A. v. Denny's Inc.</u>, 457 F.3d 1180, 1190 (11th Cir. 2006)(citations omitted). The bad faith determination is "measured against objective standards of conduct" and "something more than a lack of merit is required." <u>Id.</u> at 1191, 1193.

The case was filed in September 2006 with discovery being limited to jurisdictional issues through November 2006. It is now December 2006. Upon review, the Court finds no prejudice has occurred to defendants such that conditions on the dismissal should be imposed. The Court further finds no basis for the imposition of sanctions as plaintiff's failure to confirm the basis for jurisdiction is not tantamount to bad faith or the multiplication of proceedings such that sanctions would be appropriate. The dismissal will be permitted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Dismissal Grounded Upon Notice of Lack of Federal Jurisdiction (Doc. #62) is **GRANTED** and the case is

dismissed without prejudice.  The Clerk shall enter judgment accordingly and close the file.

   2.  Defendants' request for the Court to retain jurisdiction over the imposition of costs and fees is **DENIED** and defendants' request for sanctions is **DENIED** as without merit.

   3.  Plaintiff's Motion for Leave to File Reply (Doc. #70) is **DENIED** as moot.

   **DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of December, 2006.

                                  _____
                                  JOHN E. STEELE
                                  United States District Judge

Copies:
Counsel of record
DCCD